■ GERTRUDE G. SALMON, Appellant, v. ROY LA LONDE, Respondent. — Judgment and order affirmed, without costs of this appeal to either party. All concur, except McCurn, P. J., and Halpern, J., who dissent and vote for reversal and for granting a new trial, in the following memorandum: The verdict of no cause of action in the action brought by the plaintiff wife was contrary to the evidence and was inconsistent as a matter of law with the verdicts of the jury in two companion actions tried together with this action. The plaintiff wife was a passenger in an automobile owned and operated by her husband, which was struck by an automobile owned and operated by the defendant La Londe. Each driver claimed that the accident was the fault of the other; conflicting versions of the accident were given by them. The Judge charged the jury that "It is your duty here to sift the evidence in this case, find wherein the truth lies and thereby render a verdict." The jury found verdicts of no cause of action in the action by the plaintiff's husband for his injuries and in the action by La Londe for damage to his automobile. Under the Judge's charge, and upon the evidence in the case, this must have been based upon a finding that both drivers were guilty of negligence contributing to the happening of the accident. We are in agreement that, upon the evidence, a finding of an unavoidable accident would not have been permissible; also, that a finding that no injuries had been suffered by the plaintiff wife would not have been permissible; also, that there was no basis for a finding of personal contributory negligence on the part of the wife. This should have led logically to a verdict in favor of the plaintiff wife in her action against the defendant La Londe. It is, of course, theoretically possible that jurors may find themselves unable to choose between conflicting versions of an accident and to determine how the accident occurred and therefore the jurors may conclude that neither side has sustained its burden of proof. But that theory is not applicable to this case. It must be assumed that the jury did its duty under the Judge's charge, and resolved the questions of fact in the case; upon that basis, the only reasonable explanation of the jury's verdicts is that it found that the defendant La Londe was guilty of some negligence contributing to the happening of the accident; otherwise, there would have been a verdict in his favor in the action for his property damage. (Appeal from a judgment of Onondaga Trial Term for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ VERNON H. SALMON, Appellant, v. ROY LA LONDE, Respondent. — Judgment and order affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of Onondaga Trial Term for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.